Nicol E. Hajjar, Esq. SBN: 303102
NicolHajjarsTeam@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/16/2023 12:52 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Ballesteros, Deputy Clerk

*Attorney for Plaintiff,* RAHIL KHOSROABADI

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RAHIL  KHOSROABADI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STEPPING STONES GROUP LLC, a limited liability company; THE STEPPING STONES AUTISM SERVICES GROUP LLC, a limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 23LBCV02192<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.  **ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2.  **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**<br>3.  **FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>4.  **RETALIATION IN VIOLATION OF FEHA;**<br>5.  **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA;**<br>6.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

*(Sidebar, vertical text:)* **WILSHIRE LAW FIRM, PLC** 3055 Wilshire Blvd., 12ᵗʰ Floor Los Angeles, CA 90010-1137

COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, RAHIL  KHOSROABADI, who respectfully alleges the following:

## I.

## **GENERAL ALLEGATIONS**

1.      This is an action for violations pursuant to the Fair Employment and Housing Act and other statutes and regulations applicable – against THE STEPPING STONES GROUP LLC, a limited liability company and THE STEPPING STONES AUTISM SERVICES GROUP LLC, a limited liability company, by and through their sole proprietors, owners, shareholders, officers, directors, members and managing agents, alter egos, and DOES 1 through 50, inclusive (collectively "Defendants") for: (1) Associational Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage In Good Faith Interactive Process; (4) Retaliation; (5) Failure To Prevent Discrimination and Retaliation; and (6) Wrongful Termination In Violation Of Public Policy.

2.      Venue is proper in this Court because Defendants employed Plaintiff in Los Angeles, California and the unlawful conduct alleged herein was committed within Los Angeles, California.

## II.

## **THE PARTIES**

3.      At all times relevant herein, Plaintiff, RAHIL KHOSROABADI, (herein "Plaintiff" or "Ms. Khosroabadi") was an individual over the age of 18 and a resident of the County of Los Angeles, State of California.

4.      At all times relevant herein, Defendant, THE STEPPING STONES GROUP LLC, was and is a corporation or other business entity, authorized to, and doing, business in the County of Los Angeles, State of California (for purposes of this complaint shall refer to any and all subsidiaries thereof and Plaintiff reserves the right to amend this complaint to name those entities/individuals).

5.      At all times relevant herein, THE STEPPING STONES AUTISM SERVICES GROUP LLC, was and is a corporation or other business entity, authorized to, and doing,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

business in the County of Los Angeles, State of California (for purposes of this complaint shall refer to any and all subsidiaries thereof and Plaintiff reserves the right to amend this complaint to name those entities/individuals).

6.      Plaintiff is informed and believes and thereon alleges that events relevant to this complaint occurred in Los Angeles County, State of California. Plaintiff is further informed and believes that witnesses to the events described herein were and are residents of Los Angeles County, State of California.

7.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences and discriminatory acts alleged herein, and that Plaintiff's damages alleged herein were proximately caused by these Defendants.  Plaintiff shall seek leave to amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when they are ascertained.

8.      Plaintiff is informed and believes and thereon alleges that at all relevant times herein, each of the Defendants, including the Defendants sued herein as DOES 1 through 50, were the agents, employees, and/or joint venturers of, or working in concert with the other Defendants, and were acting within the course and scope of such agency, employment, joint venture and/or concerted activity.  To the extent that said conduct and omissions were perpetrated by Defendants and their agents, Defendants confirmed and ratified said conduct and omissions, which resulted in the acts of each defendant being legally attributable to the other defendants.

9.      Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

10.     Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this Complaint but were agents, servants, employees and/or

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

3

1  supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants

2  within the scope of their employment.

3       11.     Defendant and DOES 1 through 50, at all relevant times were the agents and

4  employees of one another, ratifying the acts of one another, and in doing the things hereinafter,

5  Plaintiff alleges were acting within the course and scope of the agency.

6  **III.**

7  **FACTUAL ALLEGATIONS**

8       12.     Beginning on or about August 31, 2022, Plaintiff was employed by Defendant

9  THE STEPPING STONES GROUP LLC, Defendant THE STEPPING STONES AUTISM

10  SERVICES GROUP LLC, and DOES 1 through 50, inclusive (hereinafter, "EMPLOYER

11  DEFENDANTS"). During Plaintiff's employment, EMPLOYER DEFENDANTS assigned

12  Plaintiff to work at Buffum Total Learning Center ("Buffum") as a Registered Behavioral

13  Technician, where Plaintiff was tasked with, among other things, aiding students with

14  developmental special needs. Plaintiff performed all her job duties in an exemplary manner

15  until she was wrongfully terminated on or about February 24, 2023.

16       13.     On or about November 26, 2022, Plaintiff's daughter was diagnosed with an ear

17  infection and viral infection. As her daughter's primary caretaker, Plaintiff was placed on

18  caretaker leave from about November 28, 2022 through about November 29, 2022, which was

19  ultimately extended until about December 2, 2022. At all relevant times, Plaintiff submitted all

20  necessary medical documentation and followed the proper procedure to notify EMPLOYER

21  DEFENDANTS of her leave and return.

22       14.     On or about December 07, 2022, less than one week after taking leave to care

23  for her daughter, Plaintiff received a write-up regarding her attendance, which cited her

24  absence during her leave taking care of her daughter as an attendance concern.

25       15.     Over the next several weeks, Plaintiff's daughter's ear infection worsened and

26  she experienced more severe health symptoms. On or about January 09, 2022, Plaintiff

27  contacted EMPLOYER DEFENDANTS' Career Services Specialist and Plaintiff's main point

28  of contact with EMPLOYER DEFENDANTS, Brooke Paihha ("Ms. Paiha"), as well as

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

4

EMPLOYER DEFENDANTS' Services Coordinator Candace Zhao ("Ms. Zhao"), explaining that her daughter's ear infection had caused loss of hearing which could become permanent without surgical intervention, and requested time off until January 12, 2023 to care for her daughter. Again, Plaintiff submitted all necessary medical documentation to EMPLOYER DEFENDANTS, and accompanied her daughter to her doctor's appointment on or about January 12, 2023.

16.     On or about January 17, 2023, Ms. Zhao responded to Plaintiff, stating that Plaintiff was required to keep EMPLOYER DEFENDANTS informed of her daughter's condition and need for future leave. Plaintiff then informed Ms. Zhao that she was currently awaiting a call from her daughter's doctor to schedule a sleep study for her, because the illness was causing her daughter to not get enough oxygen during her sleep. Plaintiff further informed Ms. Zhao that Plaintiff would need to be with her daughter during the study.

17.     Plaintiff's husband is quadriplegic and requires extensive and continuous care due to his disability. On or about February 1, 2023, at around 3 a.m., Plaintiff needed to rush her husband to the emergency room. There, Plaintiff was placed off work to care for her husband until on or about February 3, 2023. Once again, Plaintiff submitted all necessary medical documentation and information to EMPLOYER DEFENDANTS.

18.     On or about February 3, 2023, Plaintiff spoke with Ms. Zhao regarding her daughter's worsening condition and her husband's medical complications, explaining that she needed to remain on leave until her daughter's health status improved. In response, Ms. Zhao pressed Plaintiff about other people who could care for her daughter, but Plaintiff reiterated that she was her daughter's primary caretaker and there was no one else who could care for her daughter. Thereafter, Plaintiff was placed on leave to care for her daughter until on or about February 13, 2023. Once again, Plaintiff submitted all necessary medical documentation to EMPLOYER DEFENDANTS.

19.     On or about February 7, 2023, Ms. Paiha emailed Plaintiff stating that Buffum was ending Plaintiff's assignment, effective immediately, due to her recent absences. Shocked, Plaintiff responded to Ms. Paiha's email explaining that her absences were medically necessary

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

5

1    for her daughter and her husband for whom she is the primary caretaker, and she had been in

2    contact with Ms. Zhao regarding the reasons for her absences.

3         20.    On or about February 24, 2023, Plaintiff was notified that "due to the situation"

4    "with Plaintiff's absences," EMPLOYER DEFENDANTS would not redirect Plaintiff at any

5    other school in the district. Plaintiff was advised she would "remain displaced in the event

6    there are neighboring districts with opportunities open for [Plaintiff]," and later terminated

7    Plaintiff stating, "we will be proceeding with the end of employment process on 3/31/2023."

8         21.    Defendants' actions were in violation of Government Code §12940 et seq.

9    which prohibits discrimination based on disability.

10        22.    Plaintiff timely filed a complaint with the Civil Rights Department formerly

11   known as the Department of Fair Employment and Housing (Hereinafter the "DFEH") against

12   DEFENDANTS for Violation of the FEHA and received her Right to Sue. (See Exhibit A

13   hereto). Plaintiff' counsel sent to Defendants the Right to Sue Letter and provided Defendants

14   with notice of the Right to Sue, therefore, Plaintiff have therefore exhausted her administrative

15   remedies.

16        23.    FEHA codified at Government Code §12900 et seq. §12940 and §12941

17   prohibits among other things, discrimination and retaliation in employment on account of

18   certain protected classifications, including a person's disability, and further the FEHA requires

19   an investigation into allegations of discrimination.

20        24.    As a direct and legal result of the aforesaid acts and conduct of EMPLOYER

21   DEFENDANTS, and each of them, Plaintiff has been directly and legally caused to suffer

22   actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of

23   earnings and future earning capacity, medical and related expenses for care and procedures

24   both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained,

25   for which Plaintiff will seek leave of court to amend when ascertained.

26        25.    As a direct and legal result of the acts and conduct of EMPLOYER

27   DEFENDANTS, as aforesaid, Plaintiff has been caused, and did suffer, and continue to suffer

28   severe and permanent emotional and mental distress, and anguish, humiliation, embarrassment,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

6

fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

26.    As a further direct and legal result of the acts and conduct of EMPLOYER DEFENDANTS, as aforesaid, Plaintiff has been caused to suffer and did suffer a loss of earnings, earning capacity, medical benefits, including insurance and other benefits to which she was entitled. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

27.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

28.    The aforementioned acts of Defendants and their alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of Defendants and their alter egos and or were ratified and condoned by Defendants and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants and their alter egos, and DOES 1 through 50, and with the express knowledge, consent, and ratification of managerial employees of Defendants and their alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial. The discrimination and termination of Plaintiff were motivated at least in part by her disability the actions were in conscious disregard of her rights and in violation of FEHA. The discrimination and termination of Plaintiff was devised by Defendants and, was ratified and condoned by Defendants. Not only was the discrimination and termination of Plaintiff illegal, it was also in direct violation of the policies defendants set forth in their own policies preventing discrimination. The Defendants and their managing agents and alter ego's conduct as set forth herein was reprehensible.

29.    Plaintiff believes that EMPLOYER DEFENDANTS had a pattern and practice of discriminating against disabled employees based on their medical status. Plaintiff believes she was one of many employees (male and female) who were terminated on the basis of her

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  disability and replaced with non-injured and less qualified employees.

2      30.    The harm to Plaintiff was "physical" in the sense that it affected her emotional

3  and mental health, rather than being a purely economic harm. *State Farm v. Campbell* 538 U.S.

4  308 at p. 419. It was objectively reasonable to assume that EMPLOYER DEFENDANTS,

5  managing agents, acts of discrimination and retaliation toward Plaintiff would affect her

6  emotional well-being, and therefore Defendants "conduct evinced an indifference to or a

7  reckless disregard of the health or safety of others." Plaintiff quickly depleted her savings and

8  lost her medical insurance as a result of termination, and therefore it appears that they "had

9  financial vulnerability." *Roby v. McKesson* (2009)47 Cal. 4th 686.

10     31.    As a result of the discriminatory acts of Defendants, their agents and alter egos,

11  and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs

12  of said suit as specifically provided in California Government Code §12965(b).

13     32.    At all times Plaintiff was a non-exempt employee under California law and was

14  subject to the California Labor Code and Wage Order requirements. Due to the nature of

15  Plaintiff's job duties, Plaintiff frequently missed her legally mandated thirty (30) minute

16  uninterrupted meal break, and rarely had the opportunity to take a ten (10) minute rest break.

17     33.    Plaintiff was regularly required to work continually for more than five (5) hours

18  before receiving her first meal break, and never received the one (1) hour of pay Plaintiff was

19  entitled to for each of Defendant's meal period violations and rest period violations.

20     34.    Moreover, due to Defendants failure to provide meal and rest period premiums

21  and wages, Defendants failed to provide Plaintiff with compliant wage statements.

22     35.    Further, Defendants failed to pay wages at the time the wages became due and

23  payable and Defendants failed to pay such overdue wages at the time of discharge.

24     36.    Additionally, Defendants policies and practices of failing to provide accurate

25  itemized statements, timely pay of all wages owed, and provide duty-free meal periods, as set

26  forth above, violates the UCL.

27  / / /

28  / / /

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT FOR DAMAGES

# IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Employment Discrimination Based on Association with a Person Having a Disability or Perceived Disability – Violation of Fair Employment and Housing Act**

*[Against all Defendants]*

37.    Plaintiff  incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

38.    At all relevant times, FEHA, Government Code section 12940 et seq., was in full force and effect and binding on Defendants. This statute requires Defendants to refrain from discriminating against any employee based on, among other things, disability (including actual, perceived, and history of). In law, disability includes association with a person who has, or is perceived to have, a disability (Government Code, section 12926(o)). Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

39.    After learning that Plaintiff was the caretaker of her seriously ill daughter and disabled husband, Defendants considered Plaintiff to be disabled and/or associated with a person who has a disability or perceived disability. Plaintiff is informed and believes and thereon alleges that Plaintiff's disability and/or associational disability were motivating factors in Defendants' wrongdoing in this case. This includes that, among other things, (1) Defendants feared that Plaintiff could also develop her daughter's disability or perceived disability, and that (2) Defendants singled out Plaintiff for closer scrutiny on attendance and daily activities after learning that Plaintiff was her daughter's and husband's caretaker.

40.    Defendants' acts and omissions, including terminating Plaintiff's employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's disability and/or associational disability based on being the caretaker of her seriously ill mother, in violation of Government Code § 12900 et seq.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9

41.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

42.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

43.     As a further direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct. Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

44.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

45.     The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294. Defendants' decision to terminate Plaintiff's employment based on Plaintiff's disability and/or associational disability was reached and implemented with intent to injure Plaintiff and with intent to prevent the exercise of Plaintiff's statutory rights. Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above- alleged conduct was unlawful and occurring, but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

10

Plaintiff.

46.     Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**Employment Discrimination Based on Failure to Accommodate Disability or Perceived Disability**

*[Against all Defendants]*

47.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

48.     At all times herein mentioned, FEHA, Government Code § 12940(a) and 12940(m) were in full force and effect and were binding on EMPLOYER DEFENDANTS. This statute requires EMPLOYER DEFENDANTS to accommodate employees with a disability or perceived disability and to provide reasonable accommodations to said employees. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter (attached as EXHIBIT A).

49.     At all times herein, EMPLOYER DEFENDANTS were aware of Plaintiff's associational disability.  Plaintiff attempted to obtain reasonable accommodation for Plaintiff's associational disability by, among other things, requesting medical leave to take care of her disabled daughter and husband. EMPLOYER DEFENDANTS (through their employees and agents) refused to engage in any meaningful discussion to determine if Plaintiff could be reasonably accommodated. Rather, EMPLOYER DEFENDANTS decided to terminate Plaintiff's employment during and due to Plaintiff's medical leave of absence.

50.     EMPLOYER DEFENDANTS' discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of Plaintiff's perceived disability in violation of the FEHA in that EMPLOYER DEFENDANTS' failure to reasonably accommodate Plaintiff's perceived disability violated Government Code § 12940 (m).

51.     As a direct, foreseeable, and proximate result of EMPLOYER DEFENDANTS'

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

52.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law proving for prejudgment interest.

53.    As a further direct and proximate result of EMPLOYER DEFENDANTS' discriminatory and wrongful actions against Plaintiff as alleged herein, Plaintiff suffered special damages that include, without limitation, the loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for EMPLOYER DEFENDANTS discriminatory and/or retaliatory actions as alleged herein. Plaintiff continues to suffer the intangible loss of such employment -related opportunities as, including without limitation, experience in the position she held and advancement opportunities.

54.    As further direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

55.    The aforementioned acts were carried out by EMPLOYER DEFENDANTS in a malicious, willful, and oppressive manner with the intent to injure and damage Plaintiff to recover exemplary damages from EMPLOYER DEFENDANTS under Civil Code § 3294. EMPLOYER DEFENDANTS decision to refuse to accommodate Plaintiff's disability was done with intent to injure Plaintiff and with the intent to prevent the exercise of her statutory rights and obligations. EMPLOYER DEFENDANTS officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above or had actual

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT FOR DAMAGES

1  knowledge that the above- alleged conduct was unlawful and nevertheless authorized and/or

2  ratified the practices with conscious disregard of the rights of Plaintiff.

3      56.      Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees

4  and prejudgment interest.

5  ### THIRD CAUSE OF ACTION

6  **Failure to Engage in A Timely Good Faith Interactive Process**

7  *[Against all Defendants]*

8      57.      Plaintiff incorporates herein by reference, as though fully set forth at length,

9  each and every allegation and statement contained in the preceding and subsequent paragraphs.

10      58.      At all times herein mentioned, FEHA, Government Code § 12940(n) was in

11  fully force and effect and was binding on EMPLOYER DEFENDANTS. This statute requires

12  EMPLOYER DEFENDANTS to engage in a timely, good faith, interactive process with the

13  employee to effective reasonable accommodations, if any, in response to a request for

14  reasonable accommodation by an employee for a known physical disability or known medical

15  condition. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full

16  compliance with administrative requirements, and received a right-to-sue letter (attached as

17  EXHIBIT A).

18      59.      At all times herein, Plaintiff attempted to obtain reasonable accommodation for

19  Plaintiff's associational disability by, among other things, requesting medical leave.

20  EMPLOYER DEFENDANTS, through their employees and agents, failed to adequately and

21  timely respond to Plaintiff's requests for reasonable accommodation and refused to engage in

22  meaningful discussion to determine whether Plaintiff's request could be reasonably

23  accommodated. Rather, EMPLOYER DEFENDANTS decided to terminate Plaintiff's

24  employment while she was on leave of absence.

25      60.      EMPLOYER DEFENDANTS failed to engage in a timely and adequate good

26  faith interactive process with Plaintiff to determine an effective reasonable accommodation in

27  response to Plaintiff's request for reasonable accommodation, in violation of Government

28  Code § 12940 (n).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT FOR DAMAGES

61.     As a direct, foreseeable, and proximate result of EMPLOYER DEFENDANTS conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

62.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law proving for prejudgment interest.

63.     As a further direct and proximate result of EMPLOYER DEFENDANTS' discriminatory and wrongful actions against Plaintiff as alleged herein, Plaintiff suffered special damages that include, without limitation, the loss of wages, salary, benefits, and/or additional amounts of money she would have received but for EMPLOYER DEFENDANTS' discriminatory and/or retaliatory actions as alleged herein. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as, including without limitation, experience in the position Plaintiff held and advancement opportunities.

64.     As further direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

65.     The aforementioned acts were carried out by EMPLOYER DEFENDANTS in a malicious, willful, and oppressive manner with the intent to injure and damage Plaintiffs to recover exemplary damages from EMPLOYER DEFENDANTS under Civil Code § 3294. EMPLOYER DEFENDANTS decision to fail to engage in a timely, good faith, interactive process with Plaintiff despite the fact that they were aware that Plaintiff was disabled was done with intent to injure Plaintiff and with the intent to prevent the exercise of Plaintiff's statutory

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

14

1  rights and obligations. EMPLOYER DEFENDANTS officers, directors, and managerial and

2  supervisory employees participated in the unlawful conduct as alleged above or had actual

3  knowledge that the above- alleged conduct was unlawful and nevertheless authorized and/or

4  ratified the practices with conscious disregard of the rights of Plaintiff.

5      66.    Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees

6  and prejudgment interest.

7                          **FOURTH CAUSE OF ACTION**

8                      **Retaliation in Violation of FEHA**

9                          *[Against all Defendants]*

10     67.    Plaintiff incorporates herein by reference, as though fully set forth at length, each

11  and every allegation and statement contained in the preceding and subsequent paragraphs.

12     68.    At all relevant times, FEHA was in full force and effect and was binding on

13  EMPLOYER DEFENDANTS.  This statute requires Defendants to refrain from discriminating

14  against, harassing, and retaliating against any employee based on, among other things, disability,

15  and protesting any harassing and discriminatory conduct.  Within the time provided by law,

16  Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements,

17  and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

18     69.    Plaintiff engaged in the protected activities of requesting reasonable

19  accommodations for her associational disability and protesting EMPLOYER DEFENDANTS'

20  discriminatory conduct towards Plaintiff based upon Plaintiff's associational disability.

21     70.    Plaintiff is informed and believes and thereon alleges that Plaintiff's protesting

22  EMPLOYER DEFENDANTS' discriminatory conduct were motivating reasons and/or factors

23  in Defendants' decisions to subject Plaintiff to the aforementioned adverse employment actions.

24     71.    After Plaintiff protested the discrimination she experienced based on disability,

25  Plaintiff was subjected to retaliation by EMPLOYER DEFENDANTS.

26     72.    Plaintiff is informed and believes and thereon alleges that EMPLOYER

27  DEFENDANTS' retaliatory conduct against Plaintiff was motivated by Plaintiff's complaint

28  about the discrimination she suffered and by Plaintiff's disability.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

15

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

73.    EMPLOYER DEFENDANTS violated the FEHA by retaliating against Plaintiff and terminating Plaintiff's employment for attempting to exercise Plaintiff's protected rights, as set forth above.

74.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

75.    As a further direct, foreseeable, and proximate result EMPLOYER DEFENDANTS wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' retaliatory actions as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.  Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

76.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

77.    The above-described acts of EMPLOYER DEFENDANTS were committed by and through their managing agents, officers, or directors.  Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud, and/or oppression within the meaning of Civil Code section § 3294. Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

78.    Under the Fair Employment and Housing Act, Plaintiff is entitled to a reasonable award of attorney's fees and costs.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## FIFTH CAUSE OF ACTION

**Failure to Take All Reasonable Steps to Prevent Retaliation and Discrimination in Violation of The Fair Employment and Housing Act**

*[Against all Defendants]*

79.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

80.     At all relevant times, FEHA was in full force and effect and was binding on EMPLOYER DEFENDANTS. This statute requires Defendants to refrain from discriminating against, harassing, and retaliating against any employee based on, among other things, disability.  Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

81.     Plaintiff was subjected to discrimination and retaliation due to Plaintiff's perceived disability.

82.     EMPLOYER DEFENDANTS failed to take reasonable steps to prevent the discrimination and retaliation Plaintiff was subjected to despite Defendants' full awareness thereof. Instead, EMPLOYER DEFENDANTS terminated Plaintiff's employment based on Plaintiff's perceived disability and her engaging in protected activities.

83.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

84.     As a further direct and proximate result of EMPLOYER DEFENDANTS wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for EMPLOYER DEFENDANTS unlawful conduct as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement

17

opportunities. Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

85. As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by EMPLOYER DEFENDANTS, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

86. The above-described acts of EMPLOYER DEFENDANTS were committed by and through their managing agents, officers, or directors. Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights. Such acts are despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294. Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

87. Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### For Wrongful Termination in Violation of Public Policy

*[Against all Defendants]*

88. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

89. Plaintiff's employment was terminated by Defendants because of Plaintiff's perceived disability and right to exercise her medical leave of absence. Accordingly, said termination violated the fundamental public policies of the State of California.

90. In engaging in the conduct set forth above, Defendants illegally terminated Plaintiff's employment.

91. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

92.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law proving for prejudgment interest.

93.     As a further direct and proximate result of Defendants discriminatory, retaliatory and wrongful actions against Plaintiff as alleged herein, Plaintiff suffered special damages that include, without limitation, the loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' discriminatory and/or retaliatory actions as alleged herein. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as, including without limitation, experience in the position Plaintiff held and advancement opportunities.

94.     As further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

95.     The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner with the intent to injure and damage Plaintiff to recover exemplary damages from defendants under Civil Code § 3294. Defendants' decision to terminate Plaintiff's employment because of Plaintiff's disability was done with intent to injure Plaintiff and with the intent to prevent the exercise of her statutory rights and obligations. Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above or had actual knowledge that the above- alleged conduct was unlawful and nevertheless authorized and/or ratified the practices with conscious disregard of the rights of Plaintiff.

/ / /

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

### Prayer For Relief

Plaintiff prays for judgement against Defendants, and each of them as follows:

1.      A declaratory judgment that Defendants have violated the *Labor Code.*

2.      A monetary award against Defendants as a penalty pursuant to the *Labor Code.*

3.      For general damages according to proof at trial;

4.      For special damages according to proof at trial;

5.      For prejudgment interest at the legal rate;

6.      For attorneys' fees and costs;

7.      For exemplary and punitive damages according to proof at trial;

8.      An award for back and front pay;

9.      For an order enjoining Defendants, and its employees, agents and any and all other persons acting on Defendant's behalf or under Defendant's control from violating the *California Fair Employment and Housing Act, California Government Code § 12940 et seq.*

10.     For an order that Defendants institute and implement policies and practices to ensure that employees are not subjected to disability discrimination;

11.     For an order awarding Plaintiff restitution;

For such other and further relief as the court may deem just and proper. Plaintiffs demand a trial by jury in this action.

DATED: November 14, 2023          **WILSHIRE LAW FIRM**

By: _____
Nicol E. Hajjar, Esq.
*Attorney for Plaintiff*
RAHIL KHOSROABADI

COMPLAINT FOR DAMAGES

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 14, 2023

Nicol Hajjar
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202311-22571307
Right to Sue: Khosroabadi / The Stepping Stones Group LLC et al.

Dear Nicol Hajjar:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

### Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 14, 2023

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202311-22571307
Right to Sue: Khosroabadi / The Stepping Stones Group LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

                                                                                        KEVIN KISH, DIRECTOR

## Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 14, 2023

Rahil Khosroabadi
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202311-22571307
        Right to Sue: Khosroabadi / The Stepping Stones Group LLC et al.

Dear Rahil Khosroabadi:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective November 14, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Rahil Khosroabadi                                           CRD No. 202311-22571307

Complainant,

vs.

The Stepping Stones Group LLC
123 North Wacker Drive, Suite 1150
Chicago, IL 60606

CSC - Lawyers Incorporating Service, Agent for
Service of Process for The Stepping Stones Group
LLC
2710 Gateway Oaks Drive, Suite 150
Sacramento, CA 95833

The Stepping Stones Autism Services Group LLC
184 High Street, Suite 701
Boston, MA 02110

Douglas Moes, Agent for Service of Process for The
Stepping Stones Autism Services Group LLC
4800 Market Street
Ventura, CA 93003

Respondents

---

**1.** Respondent **The Stepping Stones Group LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **CSC - Lawyers Incorporating Service, Agent for Service of Process for The Stepping Stones Group LLC** business as Co-Respondent(s).
Complainant is naming **The Stepping Stones Autism Services Group LLC** business as Co-Respondent(s).
Complainant is naming **Douglas Moes, Agent for Service of Process for The Stepping Stones Autism Services Group LLC** business as Co-Respondent(s).

-1-
*Complaint – CRD No. 202311-22571307*

Date Filed: November 14, 2023

CRD-ENF 80 RS (Revised 12/22)

**3**. Complainant **Rahil Khosroabadi**, resides in the City of **Los Angeles,** State of **CA.**

**4**. Complainant alleges that on or about **February 24, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's other, association with a member of a protected class, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, denied hire or promotion, suspended, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, suspended, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability.

**Additional Complaint Details:** Complainant was discriminated against and retaliated against, Respondents failed to prevent discrimination and retaliation. Respondents, their agents, joint employers, principals subsidiaries, principals and alter egos, and Does 1 through 100, whose identity is known to respondents, discriminated and retaliated against complainant and subjected complainant to disparate treatment and disparate impact discrimination.

Complainant was a member of a protected class, was associated with a member of a protected class, and/or was perceived to be a member of a protected class, and Respondents' mistreatment of Complainant was in violation of FEHA, Government Code, 12926, and 12940 et seq. The discrimination and retaliation were continuing until respondents fired Complainant.

Respondents failed to investigate, prevent, or remedy the discrimination, or retaliation. Complainant reserves the right to name any later discovered managing agents, supervisors, alter egos, joint employers, principals, agents, subsidiaries, or parent corporations upon discovery of their identity as additional Respondents.

It is believed that Respondents had a pattern and practice of harassment, discrimination, and retaliation and that information is also within the Respondents control at this time and would not be available to complainant until after a lawsuit is filed. Complainant therefore puts Respondents on notice that they should investigate other employees as well, and whether there was widespread discrimination.

Complainant worked as a Registered Behavioral Technician for Respondents for about six months. Complainant was a loyal and hardworking employee. Complainant's daughter and

-2-
*Complaint – CRD No. 202311-22571307*

Date Filed: November 14, 2023

CRD-ENF 80 RS (Revised 12/22)

1 | husband suffered and suffer from physical disabilities. Complainant exercised her right to
request and take medical leave to take care of her daughter and husband. As a direct result,
2 | Respondents discriminated against, retaliated against Complainant, and terminated
Complainant's employment.
3 | The actions were illegal and done with malice, oppression, and fraud in knowing violation of
the law. Complainant and others will seek all damages, including loss of earnings, loss of
4 | career, emotional harm, attorneys fee and punitive damages. Complainant requests all
evidence be preserved and that Respondents conduct a complete and thorough
5 | investigation and take immediate corrective action.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-

*Complaint – CRD No. 202311-22571307*

27

28

Date Filed: November 14, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Nicol Hajjar**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On November 14, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-

*Complaint – CRD No. 202311-22571307*

Date Filed: November 14, 2023